IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| CHRISTOPHER W. MORRISS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:24-CV-155 |
| THE STATE OF TEXAS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Christopher W. Morriss, a prisoner confined at the LeBlanc Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, has filed a motion for an extension of time to file a petition for writ of habeas corpus under 28 U.S.C. § 2254.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

There is a one-year statute of limitations for filing a federal petition for writ of habeas corpus under § 2254. 28 U.S.C. § 2244(d). The limitations period begins to run from the latest of: (1) the date on which the judgment became final; (2) the date on which an impediment to filing created by unconstitutional state action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The statute provides that the limitations period is tolled while a state post-conviction review or other collateral attack is pending.

28 U.S.C. § 2244(d)(2). In addition, the limitations period may be equitably tolled in extraordinary circumstances. *Holland v. Florida*, 560 U.S. 631 (2010).

Petitioner has not set forth his grounds for review or any allegations that could be construed as a § 2254 petition. Essentially, he seeks an advisory opinion as to whether he is entitled to equitable tolling in the event he files an untimely petition. However, the United States Constitution prohibits federal courts from issuing advisory opinions. Article III of the Constitution requires that federal courts hear only "cases" and "controversies." U.S. CONST. art. III, § 2. This requirement ensures that "the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution." *Flast v. Cohen*, 392 U.S. 83, 101 (1968).

The court may not grant the relief petitioner seeks. *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (finding that a district court lacks jurisdiction to consider the timeliness of a petition until the petition is actually filed because there is no case or controversy to be heard, and any opinion would be merely advisory). Therefore, the motion for an extension of time must be denied. Further, Petitioner is advised that filing a motion for an extension of time, by itself, is insufficient to toll the limitations period. *Hardaway v. Davis*, 684 F. App'x 444, 448 (5th Cir. 2017).

## Recommendation

Petitioner's request for an extension of time should be denied, and this action should be dismissed without prejudice.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 16th day of August, 2024.

_____
Zack Hawthorn
United States Magistrate Judge